Lori BARTON; David Thompson; Bill Logan; Webster, Mrak & Blumberg, Plaintiffs—Appellees,

v.

ALBERTSON'S, INC., Defendant—Appellant.

No. 03–35420.

D.C. No. MD–98–01215–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided Oct. 20, 2004.

Richard P. Blumberg, Esq., Lynn D. Weir, Esq., Webster Mrak & Blumberg, Seattle, WA, Kenneth W. Masters, Esq., Wiggins & Masters, North Bainbridge Island, WA, for Plaintiffs–Appellees.

Lynn D. Weir, Esq., Kenneth W. Masters, Esq., Webster Mrak & Blumberg, Seattle, WA, Scott McKay, Nevin, Herzfeld, Benjamin & McKay, Craig L. Meadows, Esq., Hawley Troxell Ennis & Haw-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

ley, Boise, ID, Richard N. Appel, Esq., Akin, Gump, Strauss, Hauer & Feld, Washington, DC, for Defendant–Appellant.

Before D.W. NELSON, THOMAS, Circuit Judges, and EZRA, District Judge.**

## MEMORANDUM ***

Albertsons appeals the district court order of April 11, 2003 granting Appellees' motion to enforce the class settlement agreement between the parties and denying Albertsons' cross-motion to enforce.[1] The district court held that the settlement did not bar class counsel from contacting class members and assisting them in curing claim deficiencies. We find that the settlement's terms do not bar such assistance of counsel, and therefore affirm the district court order.

As a threshold matter, Appellees argue the appeal should be dismissed as moot because the Court can no longer provide an effective remedy to Albertsons. We disagree. A case is moot when no live controversy exists between the parties or when the court can no longer provide a cognizable legal remedy. *See, e.g., Friends of the Payette v. Horseshoe Bend Hydroelec.*, 988 F.2d 989, 996 (9th Cir. 1993). Our mootness doctrine does not require that the exact legal remedy sought below remain available, only that the Court can grant *some* effective relief. *NW Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir.1988).

In interpreting settlements, this Court has held that "familiar principles of contract law" apply. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989). The language of the settlement agreement does not limit class counsel's ability to assist class members in curing claim deficiencies. The district court correctly refused to read any such limitation into the agreement. Albertsons relies on three separate sections of the settlement to support their argument that class counsel is prohibited from assisting class members with deficient claims. Each of these arguments is without merit.

First, Albertsons argues that ¶ 13.2.2.4 of the agreement prohibits class counsel for aiding class members in remedying deficient claims. In this paragraph, the parties stipulated to decide between themselves "the circumstances under which the Claims Administrator may, *through counsel,* contact a claimant in writing and notify him or her of any deficiencies in his or her claim form." Stipulation of Settlement ("Settlement") at 36 (emphasis added). This paragraph only details the type of notice (written) to be given to those filing deficient claims and who (counsel) is to send the notice.

Second, Albertsons argues that the settlement's anti-solicitation provisions bar class counsel from initiating contact with class members to help remedy their deficient claims. The relevant provision states: "Plaintiffs' counsel and their agents, . . . , may not solicit claims or cause solicitation to occur." ¶ 13.3.1, *id.* at 37. This provision, however, is irrelevant to the question before the Court. As the

** The Honorable David A. Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Albertsons has changed its name by dropping the apostrophe.

district court rightly held: "[n]ow that claims have been filed, those claimants are clients of the [Appellees'] firm, and there is no longer any solicitation issue." *In re Albertson's, Inc. Employment Practices Litig.* (D.Idaho Apr. 11, 2003) (order granting motion to enforce).

In addition, the plain meaning of "solicit" in ¶ 13.3.1 is to encourage the filing of claims. The *American Heritage Dictionary* defines "solicit" as: "To seek or obtain by persuasion, entreaty, or formal application" as in "to solicit votes." *The American Heritage Dictionary* 1163 (2d Coll. Ed.1985). Once claims have been filed under the settlement and the period for filing claims has passed, there can no longer be solicitation of claims. Subsequent communications about the filed claims do not amount to solicitation.

■ Third, Albertsons argues that the settlement's mass communications provision, which prohibits class counsel from conducting any mass communications with "putative class members," bars the district court's interpretation of the agreement. ¶ 13.3.3, Settlement at 39. This provision, however, merely bars mass communications between class counsel and *putative* class members.

As Albertsons itself recognizes, when interpreting an agreement we must give meaning to every settlement term. Here, the term "putative" is an important adjective modifying "class members." Putative generally means: "reputed; believed; supposed." *Black's Law Dictionary* 1250 (7th ed.1999). Once claims have been filed, those filing the claims are no longer putative class members, they are simply class members. Therefore, this provision of the settlement cannot be read to bar communications between class counsel and actual class members.

In sum, we find that the district court correctly held that the settlement agree-ment contains no explicit waiver of class counsel's right to provide assistance to class members who have filed claims under the settlement. The district court, therefore, correctly refused to read an implicit waiver of this important right into the agreement. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101–02, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (holding that a district court may not freely restrict communications between class members and class counsel).

AFFIRMED.